

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/16/2014

| | | |
|---|---|---|
| IN RE: | § | |
| REGINA G BOXIE | § | CASE NO: 10-41125 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION

Baker & Associates seeks $2,383.96 in post-petition legal fees and expenses, primarily related to a modification of Ms. Boxie's chapter 13 plan. Because the requested fees exceed the reasonable value of the fees, only $1,540.21 will be allowed.

### Background

Regina Boxie filed a voluntary chapter 13 petition on December 6, 2010. Ms. Boxie retained Baker & Associates as her counsel in this case. Ms. Boxie's Bankruptcy Rule 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement was approved on December 27, 2010. ECF No. 15. The Fixed Fee Agreement between Ms. Boxie and Baker & Associates does not include a fixed fee for work performed on plan modifications. *See* ECF No. 13. Ms. Boxie's plan was confirmed on February 7, 2011. ECF No. 30. On January 24, 2013, Ms. Boxie filed her Motion to Modify Confirmed Plan in order to surrender a 2005 Chevrolet Impala to CapEx Acquisitions. ECF No. 55. Harris County filed its Amended Objection to Approval of Debtor's Proposed Modification to a Confirmed Plan on March 1, 2013. ECF No. 61. Harris County asserted that Ms. Boxie owed post-petition ad valorem taxes for 2011-2012, which were not addressed in the modified plan.

Ms. Boxie filed two Amended Motions to Modify Confirmed Plan on March 11, 2013. ECF Nos. 62 & 64. The plan modification was confirmed on March 13, 2013. ECF No. 69.

Baker & Associates filed this Chapter 13 Fee Application on February 27, 2014. The Court scheduled a hearing on the fee application on March 25, 2014 because of its concern that the fees related to the plan modification exceeded the usual and customary amount charged in this District. ECF No. 80. The hearing commenced on April 2, 2014 and was continued to April 10, 2014.

The fee application seeks 2 hours of attorney time and 16.1 hours of paralegal time for a total of $2,324.00. Of this amount, 1.7 hours of attorney time and 10.9 hours of paralegal time, for a total of $1,687.50, were spent on plan modification. Patrick Gilpin, the attorney that worked on the plan modification, and Susanne Taylor, the paralegal that worked on the modification, both testified at the April 10 hearing. Baker & Associates uses a computer program called BankruptcyPRO to generate plan modifications. The Chapter 13 Trustee, David Peake's website provides Baker & Associates with a list of all payments Mr. Peake has made to creditors under the plan. Although Baker & Associates can convert this list into a Microsoft Excel spreadsheet, such a spreadsheet cannot be imported into BankruptcyPRO. Therefore Ms. Taylor believed that she was required to manually enter each payment made by the Trustee into BankruptcyPRO when generating a modified plan. This was not actually necessary since one line totaling all prior payments could have been utilized.

Ms. Taylor and Mr. Gilpin both testified that they sent a proposed plan modification to Ms. Boxie on January 15, 2013. Ms. Boxie did not timely respond with her approval of the modification. Before Ms. Boxie approved the proposed modification, two additional payments were made to the Trustee, which required the numbers to again be entered into BankruptcyPRO.

After filing her first modification on January 24, 2013, Ms. Boxie was required to address Harris County's objection. This required again entering the payments into BankruptcyPRO.

Ms. Taylor testified that if there were a more efficient way to enter data from the Trustee's website into BankruptcyPRO, it would have reduced the time spent on Ms. Boxie's plan modification by approximately fifty percent. Baker & Associates filed a Notice of Communication with BankruptcyPRO on May 29, 2014. ECF No. 85. According to the Notice, Ms. Boxie's counsel contacted BankruptyPRO regarding the ability to import an Excel spreadsheet into BankruptcyPRO. BankruptcyPRO informed counsel that its program does not currently have this capability, but it would look into the matter further.

At the conclusion of the April 10 hearing, the Court understood the reason for the fees charged and believed the time to be actually expended. However, the Court took the matter under advisement to determine whether Ms. Boxie should be required to pay for the inefficiency in her counsel's computer program.

The Court notes that neither Ms. Boxie, nor Mr. Peake objected to Baker & Associates' fees.

## Analysis

11 U.S.C § 330(a)(4)(B) provides that a debtor's attorney in a chapter 13 case is entitled to reasonable compensation for representing the debtor in the bankruptcy based on consideration of the benefit and necessity of such services and other factors set forth in § 330.

Chapter 13 fees may be requested either under a fixed fee application or a lodestar application. Because Ms. Boxie's Fixed Fee Agreement does not govern plan modifications, she was required to file the lodestar application at ECF No. 78.

The court computes the lodestar by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community. *In re Cahill*, 428 F.3d 536, 540 (5th Cir. 2005). The court then may adjust the lodestar based on the

factors contained in 11 U.S.C. § 330(a)(3) and its consideration of the factors listed in *Johnson v. Georgia Highway Express, Inc. Id.*

11 U.S.C. § 330(a)(3) provides that in determining the amount of reasonable compensation to award debtor's attorney the court shall consider all relevant factors including— (A) the time spent on such services; (B) the rates charged; (C) whether the services were necessary to the administration of the estate or beneficial to completion of the case at the time they were rendered; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; (E) whether the professional is board certified or has otherwise demonstrated skill and experience in bankruptcy; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled professionals.

The twelve *Johnson* factors that courts must consider are (1) time and labor required; (2) novelty and difficulty of the question; (3) the required skill to perform the legal service properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *In re JMW Auto Sales*, 494 B.R. 877, 893 (Bankr. S.D. Tex. 2012). The lodestar method is presumed to account for four of the twelve *Johnson* factors—the novelty and difficulty of the issues; special skill and experience of counsel; the quality of the representation; and the results obtained. *Id.*

The Court determines that number of hours that an attorney would reasonably spend on a similar plan modification is half the amount spent by Baker & Associates. In making the 50%

reduction in the time expended on preparing the modification, the Court considered Ms. Taylor's testimony. The Court also considered the $450.00 fixed fee authorized by the Southern District of Texas for the filing of chapter 13 plan modifications. *See In re Cahill*, 428 F.3d at 541 n.7. Although the $843.75 is one-half of the amount requested, it is 87.5% higher than the standard fixed fee. The Court appreciates that there were certain circumstances that required Baker & Associates to expend additional time amending the modification, including Ms. Boxie's delay in responding to the proposed plan modification and the need to respond to Harris County's objection. However, even considering these circumstances, the amount of time expended was significant. The Court has reviewed countless plan modifications and does not find the fees charged for the modification in this case to be reasonable.

Baker & Associates did not intentionally drive up its fee or act in any untoward manner. Baker & Associates work was necessary. Moreover the Court was very pleased with the professionalism and candor shown by Baker & Associates at the April 2 and 10 hearings.

Unfortunately, Baker & Associate's computer program, and Baker & Associates failure to summarize prior payment data, led to an inefficient use of a significant amount of time. The Court will not require the Debtor or the unsecured creditors to pay for this inefficiency.

Baker & Associates hourly rates are commensurate with the prevailing hourly rates in the community.

Upon considering the § 330 and *Johnson* factors, no upward or downward adjustment of the lodestar is necessary.

The Court awards $843.75 of the $1,687.50 spent on plan modification. The Chapter 13 Fee Application Post Confirmation (ECF No. 78) is approved in the amount of $1,540.21.

## Conclusion

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **June 12, 2014.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE